# WALE MOSAKU, P.C.
LAW OFFICES
25 BOND STREET, 3RD FLOOR
BROOKLYN, NEW YORK 11201

(718) 243-0994  Fax: (718) 243-9148

May 11, 2018

BY ECF

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   S.A. and R.C. v. The City of New York, et al
      17-Civ. 2629 (ARR)(VMS)

Your Honor:

I represent the plaintiffs in the above-referenced matter.

Pursuant to the Court's Order dated May 1, 2018, I write to respectfully request that the Court issue an Order granting the plaintiffs permission to file the attached proposed amended complaint (annexed hereto as Exhibit "1").

As set forth in the Initial Scheduling Order dated July 11, 2017, the deadline to amend the complaint and join additional parties was October 9, 2017. However, by that deadline, the plaintiffs did not have a good faith basis to amend the complaint and join additional parties, as the depositions of pertinent witnesses had not been taken.

Subsequently, the depositions of NYPD officers Nicholas Martucci (April 5, 2018), Daniel Jurkowitsch (April 13, 2018), Stefan Olynyk (April 13, 2018), Caleb Rauscher (April 18, 2018) and Detective Frank Gandiosi (April 18, 2018) were taken, and following the depositions, I determined that the plaintiffs had a good faith basis to join NYPD officers Olynyk, Jurkowitsch and Rauscher in the instant action.

The plaintiffs proposed claim(s) against NYPD officers Jurkowitsch and Rauscher is/are for the unlawful stop(s), search(es) and seizure(s) that took place on the date of the incident. The infant plaintiffs contend that said officers did not have any probable cause to stop, search and detain them on the date of the incident.

Pursuant to the SPRINT report of the 911 dispatcher(s) (attached hereto as Exhibit "2"), the description that was recorded and provided of the perpetrators of the underlying

burglary/home invasion incident was as follows: "*PERP[1] 1 MB[2] --- 16 Y/O[3] WRNG[4] ALL BLK[5]*"; and "*1 MB 15 Y/O WEARING ALL BLK. OTHER 4 PERPS UNK[6] DESC[7]…*" The dispatcher did not provide any further details of the physical description(s) of the perpetrators, such as height, weight, clothing, hair styles, distinguishing features, etc.

The plaintiffs contend that said description was so generic as to be meaningless. Nevertheless, Officers Jurkowitsch and Rauscher testified, *inter alia*[8], that it was on the basis of said generic description(s) that they stopped, searched and detained the infant plaintiffs who were playing on a basketball court approximately four blocks away from the complainant's residence.

The plaintiffs proposed claim against NYPD officer Olynyk is for false arrest/imprisonment, the same as they currently assert against defendant Martucci. Olynyk was Martucci's partner at the time of the infant plaintiffs arrests, and has testified that he was present at the time the infant complainant L.S. purportedly identified the infant plaintiffs as the perpetrators of the burglary/home invasion incident during a "show-up" procedure that took place after the infant plaintiffs were detained by officers Jurkowitsch and Rauscher. Martucci has testified that the infant plaintiffs were arrested after the infant complainant L.S. specifically informed him that the infant plaintiffs had actually broken into and entered into his (L.S.'s) residence.

However, according to the "Declination Tracking Form(s)" ("DTF") (both annexed hereto as Exhibit "3") generated by the NYC Law Department's Family Law Division[9], the basis for the division's decision to decline prosecution of the infant plaintiffs was as follows: "*No prima facie case*" and "*CW and EW (mother and son) unable to place R's inside their home or building when their door was broken open. R were seen outside the home holding sticks but not doing anything w/ those sticks*". The DTF(s) indicate that the division lawyers only interviewed police officers. No interview of any civilian complainant(s) is indicated in the DTF(s).

The plaintiffs also assert claim(s) against the officers for Failure to Intervene.

The proposed amended complaint was forwarded to the defendants' assigned counsel, namely Julie Ortiz, Esq. on April 28, 2018. On the same date, Ms. Ortiz informed me that her office will not consent to the amendment of the pleadings.

---

[1] "Perpetrator".
[2] "Male black".
[3] "Year old".
[4] "Wearing".
[5] "Black".
[6] "Unknown".
[7] "Description".
[8] Officer Jurkowitsch also testified that the infant plaintiffs were brandishing objects at the time he and his partner first observed them. However, the SPRINT report indicates that the "*perp had knives and metal sticks*", but the officers vouchered, upon information and well founded belief (an inspection of said items is scheduled to take place) a wooden broom handle and a wooden cane.
[9] This division prosecutes cases against juveniles in Family Court.

I thank the Court for its attention to, and consideration of this matter.

Respectfully submitted,

/s/

WALE MOSAKU

AM/ms

cc: Julie Ortiz, Esq. (via ECF)