UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x 17-cv-2629 (ARR)(VMS)
S. A. (an infant), by his mother and natural
guardian, KEISHA ANDREWS, and R. C.
(an infant), by his mother and natural guardian,
DIANE MATHISON,

                     Plaintiffs,

                                   AMENDED COMPLAINT

       -against-


THE CITY OF NEW YORK, POLICE OFFICER
NICHOLAS MARTUCCI (Tax # 950838), POLICE
OFFICER STEFAN OLYNYK (Tax # 950979), POLICE
OFFICER CALEB RAUSCHER (Tax # 957990) and
POLICE OFFICER DANIEL JURKOWITSCH
(Tax # 957721),

                     Defendants.
-------------------------------------------------------------------x

S. A. (an infant), by his mother & natural guardian, KEISHA ANDREWS, and R. C. (an

infant), by his mother and natural guardian, DIANE MATHISON (hereinafter

"plaintiffs"), by their attorney(s) THE LAW OFFICES OF WALE MOSAKU, P.C.,

complaining of the defendants THE CITY OF NEW YORK, POLICE OFFICER

NICHOLAS MARTUCCI (Tax # 950838), POLICE OFFICER STEFAN OLYNYK

(Tax # 950979), POLICE OFFICER CALEB RAUSCHER (Tax # 957990) and

POLICE OFFICER DANIEL JURKOWITSCH (Tax # 957721) (collectively referred to

as "the defendants"), upon information and belief, allege as follows:

NATURE OF THE ACTION

    1.        This is an action at law to redress the deprivation of rights secured to

                the plaintiffs under color of statute, ordinance, regulation, custom;

                and/or to redress the deprivation of rights, privileges, and immunities

                secured to the plaintiffs by the Fourth, Fifth, Sixth and Fourteenth

                Amendments to the Constitution of the United States; by Title 42

                U.S.C. §1983; and arising under the law and statutes of the City

                and/or State of New York.

THE PARTIES

2.        At all times material to this complaint, plaintiffs were, and they still
          are, residents of the City of New York, who at all times material and
          relevant to this complaint resided, and still reside, in Kings County,
          City and State of New York.

3.        At all relevant times, defendants POLICE OFFICER NICHOLAS
          MARTUCCI (Tax # 950838) ("Martucci"), POLICE OFFICER
          STEFAN OLYNYK (Tax # 950979) ("Olynyk"), POLICE OFFICER
          CALEB RAUSCHER (Tax # 957990) ("Rauscher") and POLICE
          OFFICER DANIEL JURKOWITSCH (Tax # 957721)
          ("Jurkowitsch") (collectively referred to as "defendant officers"), of
          the New York City Police Department (hereinafter "NYPD"), upon
          information and belief, were, and still are, law enforcement officers
          in the employ of the NYPD.

4.        At all times herein, the defendant officers were employed as law
          enforcement officers of the NYPD, and were acting under the color
          of their official capacity, and their acts were performed under color of
          the statutes and ordinances of the City of New York and/or the State
          of New York. The defendant officers were the servants, agents, and
          employees of their co-defendant, the City of New York, so that their
          acts are imputed to the City of New York and the NYPD.

5.        At all relevant times, the defendant City of New York was/is a
          municipal corporation of the State of New York, and was/is the
          employer of the defendant officers, through its Police Department,
          namely the NYPD, and the actions of the defendant officers
          complained of herein were done as part of the custom, practice,
          usage, regulation and/or direction of the City of New York.

6.        The plaintiffs sue all defendants in their individual and official
          capacities.

2

<u>SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT</u>

7.          All conditions precedent to filing of this action have been complied
            with; on March 24, 2016, within ninety days after the claims alleged
            in this complaint arose, a written notice of claim, sworn to by each
            plaintiff and/or his/her representative, was served upon the defendant
            City of New York by personal delivery of the notice in duplicate, to
            the person designated by law as one to whom a summons issued
            against such party may be delivered in an action in the applicable
            Courts. Infant plaintiff S.A.'s claim was assigned Claim No.
            2016PI011319. Infant plaintiff R.C.'s claim was assigned Claim No.
            2016PI011320.

8.          At least thirty days have elapsed since the service of the above-
            mentioned notices of claim, and adjustment or payment of the claims
            have been neglected or refused.

9.          This action, pursuant to New York State and City Law, has been
            commenced within one year and ninety days after the happening of
            the event upon which the claims are based.

FACTUAL ALLEGATIONS

10.         On or about February 18, 2016, at approximately 07:30 p.m., the
            infant plaintiffs were unlawfully arrested by the defendant officers
            within the Park/Playground located on Blake Avenue between
            Georgia Avenue and Williams Avenue within the New York City
            Housing Authority development known as "Unity Plaza" ("subject
            location").

11.         The infant plaintiffs, while playing with their friends and younger
            cousins on a basketball court situated within the subject location,
            were initially unlawfully stopped, searched and detained against their
            will by defendants Rauscher and Jurkowitsch.

12.         Prior to, and at the time they were stopped and detained by
            defendants Rauscher and Jurkowitsch, the infant plaintiffs had not

3

committed any crime or offense, nor had any complainant(s) accused the infant plaintiffs of having committed a crime or offense.

13.     Prior to the time that the defendants Rauscher and Jurkowitsch stopped, searched and detained the infant plaintiffs, a complainant, namely Doreen Brooks, and/or her infant son (identified herein as L.S.) had called 911 to report a home invasion/burglary incident at their residence.

14.     Pursuant to the above-referenced report, an NYPD 911 dispatcher had provided a description of the perpetrators of said incident as follows: "*PERP[1] 1 MB[2] --- 16 Y/O[3] WRNG[4] ALL BLK[5]*"; and "*1 MB 15 Y/O WEARING ALL BLK. OTHER 4 PERPS UNK[6] DESC[7]…*"

15.     The dispatcher did not provide any further details of the physical description(s) of the perpetrators, such as height, weight, clothing, hair styles, distinguishing features, etc.

16.     It was based solely upon the above-referenced generic description(s) of the perpetrators that the defendants Rauscher and Jurkowitsch stopped, searched and detained the infant plaintiffs.

17.     At the time they were stopped and detained by defendants Rauscher and Jurkowitsch, the infant plaintiffs did not fit the description(s) of any perpetrators had not committed any crime or offense, nor had any complainant(s) accused the infant plaintiffs of having committed a crime or offense.

18.     After the infants plaintiffs were unlawfully stopped, searched and detained by defendants Rauscher and Jurkowitsch as set forth above, the defendants Martucci and Olynyk subsequently arrived at the scene, purportedly with the infant complainant L.S.

---

[1] "Perpetrator".
[2] "Male black".
[3] "Year old".
[4] "Wearing".
[5] "Black".
[6] "Unknown".
[7] "Description".

19.     Following their arrival at the scene, the defendants Martucci and Olynyk arrested the infant plaintiffs, after claiming that the infant complainant L.S. had identified the infant plaintiffs in a "show-up" procedure as being amongst the persons who had entered into the home of the complainants.

20.     In fact, upon information and well-founded belief, the infant complainant had not identified the infant plaintiffs as the defendant officers claimed he had, and as such there was absolutely no basis for the infant plaintiffs' arrests.

21.     Nevertheless, the infant plaintiffs were transported to the 75th precinct, where they were photographed and fingerprinted. The infant plaintiffs remained within the 75th precinct until approximately 03:00 a.m. on February 19, 2016, at which time they were released.

22.     At the time the infant plaintiffs were arrested, the defendant officers assaulted and battered the infant plaintiffs by forcefully handcuffing said plaintiffs against their will and without their consent, causing said plaintiffs to suffer bruising, lacerations, pain and discomfort.

23.     Upon their release, the infant plaintiffs were compelled to report to the Kings County Courthouse located at 320 Jay Street, Brooklyn, New York 11201, on February 22, 2016.

24.     Upon reporting to the Kings County Courthouse on February 22, 2016, the infant plaintiffs were directed to report to the Brooklyn Family Court located at 330 Jay Street, Brooklyn, New York 11201, on March 14, 2016, in order to find out whether a case was going to be filed against them.

25.     On or about March 14, 2016 (R.C) and March 16, 2016 (S.A), the infant plaintiffs' respective mothers each received a "*Notice of Declination*" wherein the infant plaintiffs were informed that the "*Office of the Corporation Counsel (prosecutor) has determined that a petition will not be filed against the above-named juvenile in connection with the above-referenced matter*", and that "[*t*]*his matter*

*will be closed and sealed pursuant to Family Court Act §375.1(4) within thirty (30) days*".

26.    In fact, the NYC Law Department's Family Law Division (which prosecutes criminal cases against juveniles in Family Court), based upon interviews with, *inter alia*, defendant Martucci, declined to commence criminal proceedings against the infant plaintiffs because "*CW and EW (mother and son) unable to place R's inside their home or building when their door was broken open…*"

<u>CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS AGAINST
DEFENDANTS RAUSCHER AND JURKOWITSCH: UNLAWFUL SEARCH AND
SEIZURE UNDER 42 U.S.C § 1983</u>

27.    By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint as though fully set forth herein.

28.    The defendants Rauscher and Jurkowitsch unlawful stopped and detained the infant plaintiffs without any individualized reasonable suspicion that the infant plaintiffs had committed a crime.

29.    Following their unlawful stop and seizure of the infant plaintiffs, the defendants Rauscher and Jurkowitsch searched the infant plaintiffs, without any individualized reasonable suspicion that the infant plaintiffs were concealing weapons or contraband.

30.    As a result of the foregoing, the infant plaintiffs was/were subjected to illegal searches and seizures.

31.    The foregoing unlawful search violated each infant plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

CAUSE(S) OF ACTION ON BEHALF OF THE PLAINTIFFS AGAINST
DEFENDANTS MARTUCCI AND OLYNYK: FALSE ARREST AND FALSE
IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

32.     By this reference, the plaintiffs incorporate each and every allegation
and averment set forth in paragraphs 1 through 31 of this complaint
as though fully set forth herein.

33.     The above-described respective arrest, detention and imprisonment of
each infant plaintiff by the defendants Martucci and Olynyk.
was/were without just or probable cause and without any warrant or
legal process directing or authorizing each infant plaintiff's arrest or
subsequent imprisonment.

34.     As a result of the each infant plaintiff's above-described unlawful
arrest and imprisonment by the defendants Martucci and Olynyk, the
infant plaintiffs have been caused to suffer humiliation, great mental
and physical anguish, embarrassment and scorn among those who
know them, were prevented from attending to their necessary affairs,
and have been caused to incur legal expenses, and have been
otherwise damaged in their character and reputation.

35.     Consequently, the infant plaintiffs have been damaged and hereby
demand compensatory and punitive damages in an amount to be
proven at trial against each of the defendants Martucci and Olynyk,
individually and severally.

36.     The defendants Martucci and Olynyk were at all material times acting
within the scope of their employment, and as such, the defendant City
is vicariously liable for the defendant officers acts as described
above.

37.     This action falls within one or more of the exceptions of the New
York State Civil Practice Law and Rules §1602.

## CAUSE OF ACTION ON BEHALF OF ALL PLAINTIFFS AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

38.     By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39.     Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

40.     The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

41.     As a consequence of said defendants' actions, each plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his/her constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION ON BEHALF OF EACH PLAINTIFF: ASSAULT AND BATTERY

42.     Each plaintiff repeats and realleges paragraphs 1 through 41 as if each paragraph is repeated verbatim herein.

43.     As set forth above, the defendants assaulted each plaintiff, battered each plaintiff, and subjected each plaintiff to excessive force and summary punishment.

44.     The defendants were at all material times acting within the scope of their employment.

45.     Consequently, each plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

46.      The defendants were at all material times acting within the scope of
their employment, and as such, the defendant City is vicariously
liable for the defendants acts as described above.

This action, upon information and belief, falls within one or more of
the exceptions of CPLR 1602.

WHEREFORE, each plaintiff prays for judgment against the defendants, individually and
severally, as follows: for compensatory damages against each defendant in an amount to
be proven at trial; for exemplary and punitive damages against each defendant in an
amount to be proven at trial; for costs and expenses of suit herein, including each
plaintiff's reasonable attorney's fees; for pre-judgment and post-judgment interest; all in a
sum of money that exceeds the jurisdiction of all lower Courts, and for such other and
further relief as this court deems just and appropriate.

Dated:      Brooklyn, New York
April 27, 2018

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku
Attorney for the Plaintiffs
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

Julie Ortiz, Esq.
Assistant Corporation Counsel
New York City Law Department
Attorney(s) for Defendants
The City of New York and Police Officer Nicholas Martucci
100 Church Street
New York, N.Y. 10007
(718) 620-1023

Police Officer Stefan Olynyk (Tax # 950979)
Defendant *pro se*
75th Police Precinct
1000 Sutter Avenue
Brooklyn, NY 11208

Police Officer Caleb Rauscher (Tax # 957990)
Defendant *pro se*
75th Police Precinct
1000 Sutter Avenue
Brooklyn, NY 11208

Police Officer Daniel Jurkowitsch (Tax # 957721)
Defendant *pro se*
75th Police Precinct
1000 Sutter Avenue
Brooklyn, NY 11208